## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BARBARA KINNARD,
         Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
         Agency.

DOCKET NUMBER
AT-1221-23-0163-W-1

DATE: August 27, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Georgia A. Lawrence, Esquire, and Shaun C. Southworth, Esquire, Atlanta,
    Georgia, for the appellant.

Seth J. Colon, Esquire, and Kathleen Pohlid, Esquire, Nashville, Tennessee,
    for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication
of this appeal.

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action appeal (IRA) as untimely filed. For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    On October 12, 2022, the appellant, a GS-06 Advanced Medical Support Assistant, filed a complaint with the Office of Special Counsel (OSC), alleging that, in the period from 2015 to 2018, she filed OSC and equal employment opportunity (EEO) complaints and disclosed nepotism, favoritism, retaliation for whistleblowing, the agency's failure to accommodate her disability, and a hostile work environment, causing the agency to retaliate against her by issuing an admonishment, charging her with absence without leave (AWOL), denying her request for training and promotional opportunities, subjecting her to an investigation, and proposing her removal.  Initial Appeal File (IAF), Tab 1 at 4, 10, 17-18.  In an October 12, 2022 email attaching its letters, OSC informed the appellant that it had terminated its inquiry into her allegations and that she had a right to file an IRA appeal with the Board within 65 days of the date of its close-out letter.  IAF, Tab 10 at 12-16.

¶3    On January 18, 2023, the appellant filed the instant IRA appeal with the Board.  IAF, Tab 1.  Attached to the appeal was an October 12, 2022 email from OSC attaching the aforementioned letters.  *Id*. at 12.  In a January 25, 2023 order, the administrative judge notified the appellant that her IRA appeal appeared to have been filed approximately 1 month late and ordered her to submit evidence and argument on the timeliness issue.  IAF, Tab 7 at 1-2.  The appellant responded that she filed her OSC complaint on October 12, 2022, and emailed OSC on January 3, 2023, for an update on the status of her complaint.  IAF, Tab 10 at 5, Tab 11 at 4.  That same day, OSC informed her that her case had been closed on October 12, 2022, and reattached its letters and its October 12, 2022 transmittal email.  IAF, Tab 1 at 13-14, Tab 11 at 4.  The appellant

acknowledged receipt of OSC's January 3, 2023 email attachments and noted that she had not received prior emails or a response from OSC regarding her case. IAF, Tab 1 at 16. Without holding the appellant's requested hearing, the administrative judge dismissed the appeal as untimely filed, finding that the appellant did not file her appeal within 65 days after the issuance of OSC's close-out letter or allege circumstances warranting invocation of the doctrine of equitable tolling. IAF, Tab 19, Initial Decision (ID) at 3-5.

¶4      The appellant has filed a petition for review of the initial decision.[2] Petition for Review (PFR) File, Tab 1. She reiterates that she did not receive OSC's October 12, 2022 email attaching its close-out letter and she diligently monitored her email and actively sought an update from OSC regarding her case; thus, she demonstrated that the filing deadline should be equitably tolled or that the time limit should be waived based on good cause shown.[3] *Id*. at 6-8. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

The appellant timely filed her appeal.

¶5      On review, the appellant challenges the administrative judge's finding that her appeal was untimely filed because she asserts that she first received email notification of OSC's October 12, 2022 close-out letter on January 3, 2023. PFR

---

[2] The appellant's June 22, 2023 petition for review was untimely filed. However, in light of the May 17, 2023 initial decision's incorrect notation of June 22, 2023, as the finality date, rather than June 21, 2023, ID at 5, the Office of the Clerk of the Board considered the appellant's June 22, 2023 petition for review as timely filed, PFR File, Tab 2 at 1. We find that the appellant's petition for review was timely filed under the circumstances presented here.

[3] We clarify that the statutory time limit for filing an IRA appeal cannot be waived for good cause shown because there is no statutory mechanism for doing so. *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 9 (2014). However, the filing deadline might be subject to equitable tolling, under which the filing period is suspended for equitable reasons, such as when the complainant has been induced or tricked by her adversary's misconduct into allowing the deadline to pass. *Id*., ¶ 10. We have not reached the issue of equitable tolling here.

File, Tab 1 at 7. She notes that she examined her incoming, deleted, and spam emails from October 1, 2022, to October 20, 2022, but did not find any emails regarding OSC's close-out letter.[4] *Id.*

¶6    An appellant may file an IRA appeal with the Board once OSC closes its investigation into her complaint and no more than 60 days have elapsed since notification of the closure was provided to her. 5 U.S.C. § 1214(a)(3)(A); *see Heimberger*, 121 M.S.P.R. 10, ¶ 6. Under the Board's regulations implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt. 5 C.F.R. § 1209.5(a)(1); *see Heimberger*, 121 M.S.P.R. 10, ¶ 6. The appellant bears the burden of proving by preponderant evidence that she timely filed her appeal. 5 C.F.R. § 1201.57(c)(2); *see Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 8, *aff'd*, 404 F App'x 466 (Fed. Cir. 2010).

¶7    The administrative judge found that the appellant was required to file her appeal by December 16, 2022, 65 days after OSC issued the October 12, 2022 close-out letter. ID at 3; *see* 5 U.S.C. § 1214(a)(3)(A); 5 C.F.R. § 1209.5(a)(1). She found that, when the appellant filed her appeal on January 18, 2023, it was approximately 1 month late. ID at 3; IAF, Tab 1. Further, she found that, because the appellant's delay of almost 3 months to check into the status of her OSC status complaint shows she was not diligently pursuing her rights, the appellant did not allege circumstances warranting invocation of the doctrine of

---

[4] For the first time on review, the appellant attaches portions of an "email log" purportedly showing that she did not receive the October 12, 2022 email from OSC attaching its close-out letter. PFR File, Tab 1 at 11-20. The Board need not consider evidence presented for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980); 5 C.F.R. § 1201.115(d). The appellant does not explain why she did not provide this document in response to the administrative judge's timeliness order. Nevertheless, as discussed below, we find that the appellant timely filed her appeal.

equitable tolling. ID at 4. However, such an approach is inconsistent with the plain language of 5 C.F.R. § 1209.5(a)(1).

¶8    When, as here, the appellant asserts that she did not receive OSC's close-out letter within 5 days of its issuance, she must file the appeal within 60 days of the date of receipt. 5 C.F.R. § 1209.5(a)(1). The appellant responded to the administrative judge's timeliness order and asserted that her appeal was timely filed because she did not originally receive OSC's close-out letter. IAF, Tab 11 at 4. She indicated that she contacted OSC on January 3, 2023, at which point OSC informed her that it had sent its close-out letter to her on October 12, 2022, and reattached the close-out letter. *Id*. In so doing, she indicated on the online questionnaire that she was asserting facts from her personal knowledge and declared under penalty of perjury that the facts stated in her pleading were true and correct. *Id*. at 3.

¶9    A declaration subscribed as true under penalty of perjury, if uncontested, proves the facts it asserts. *Woodall v. Federal Energy Regulatory Commission*, 30 M.S.P.R. 271, 273 (1986). The record does not contain evidence supporting a finding that the appellant actually received OSC's email attaching its close-out letter on October 12, 2022, and the appellant's statement that she did not receive the close-out letter until January 3, 2023 is uncontested.[5] Accordingly, we find that the appellant has proven, through her sworn statement, that she was not notified of the close-out letter until she contacted OSC on January 3, 2023.

¶10    Having found that the appellant's sworn statement demonstrates that she was first notified of OSC's close-out letter on January 3, 2023, we find that her

---

[5] The appellant provided a copy of OSC's October 12, 2022 email attaching its close-out letter, which was properly addressed to her email address, but there is no evidence in the record contradicting her assertion that her receipt of that email was delayed. IAF, Tab 1 at 12. The appellant did not dispute that she received OSC's other emails, including OSC's October 12, 2022 emails acknowledging receipt of her complaint and OSC's January 3, 2023 email reattaching its close-out letter. IAF, Tab 1 at 13-14, 17-18, Tab 4 at 11. Nonetheless, the fact that the appellant received OSC's other emails does not establish that she also received OSC's October 12, 2022 email attaching its close-out letter on the date it was issued.

appeal was timely filed. Because the appellant was notified of OSC's close-out letter more than 5 days after its issuance, she was required to submit her appeal within 60 days of the date of this notice. 5 C.F.R. § 1209.5(a)(1). She submitted her appeal 15 days later, on January 18, 2023. IAF, Tab 1. Thus, we find that it was timely filed after she received notice of OSC's close-out letter.

<u>We remand the appeal for the administrative judge to further develop the record and make findings on the issue of jurisdiction.</u>

¶11 Because we find that the appeal was timely filed, we turn to the issue of jurisdiction. The appellant may establish jurisdiction over this IRA appeal if she demonstrates by preponderant evidence that she exhausted her administrative remedy before OSC and makes nonfrivolous allegations of the following: (1) she made a protected whistleblowing disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected whistleblowing activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take, or threaten to take or fail to take, a personnel action. 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14; *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 7 (2016); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); 5 C.F.R. § 1201.57(a)(1), (b), (c)(1); *see Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367 (Fed. Cir. 2020). In the initial decision, the administrative judge did not address the issue of jurisdiction because she found that the appeal was untimely filed. The record, as developed to this date, does not provide a sufficient basis for determining whether the appellant has established all of the elements of Board jurisdiction over her IRA appeal. Thus, we remand the appeal for the administrative judge to further develop the record and make findings on the issue of jurisdiction. If the administrative judge determines that the appellant established Board jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Salerno*, 123 M.S.P.R. 230, ¶ 5.

**ORDER**

¶12    For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.